**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-cv-23844-GAYLES

**FEDERICO JOSE MACIA,**
                **Plaintiff,**

      v.

**STATE OF FLORIDA et al.,**
                **Defendants.**
_____/

**ORDER DISMISSING CASE**

      **THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Federico Jose Macia, appearing *pro se*, filed a Complaint in this action on September 8, 2016 [ECF No. 1]. He also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 4]. Because the Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

      The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In the Complaint, the Plaintiff states that he has "a child control issue from a boy" [sic], that his parents "were harmed," and that he was separated from them and never saw them again. *See* Compl. The remainder of the Complaint contains nothing more than biographical information about the Plaintiff, including his date of birth, social security number, address, drivers' license number, and schools attended. A statement in the motion for leave to proceed *in forma pauperis* seems to indicate that the alleged harm to his parents occurred in 1980. Named as Defendants in the Complaint are the "Sate of Florida" [sic], "Sate of Florida tittle" [sic], the Miami-Dade Police Department, and the Key Biscayne Police Department.

Upon consideration, the Court finds that it cannot discern the factual circumstances by which the Plaintiff contends to be aggrieved. He fails to state any actions attributable to any Defendant (or any individual for that matter), how those actions give rise to any claim for relief, the basis of the Court's jurisdiction, or the legal basis for the Court to grant any relief. As such, the Court concludes that he has failed to state a claim upon which any relief may be granted, and his Complaint shall be dismissed pursuant to Section 1915(e)(2)(B)(ii).

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 4] is **DENIED**, and the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of September, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE